## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **JOSEPH C. CAROLLA III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:10-01079** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## M E M O R A N D U M   O P I N I O N

This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits (DIB), under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case is presently pending before the Court on the Plaintiff's Motion for Remand (Document No. 8.) and Defendant's Motion for Judgment on the Pleadings. (Document No. 11.) Both parties have consented in writing to a decision by the United States Magistrate Judge. (Document Nos. 3 and 4.)

The Plaintiff, Joseph C. Carolla III, (hereinafter referred to as "Claimant"), filed an application for DIB on June 4, 2007 (protective filing date), alleging disability as of June 1, 2007, due to neuropathy in the legs, bulging discs in back, pain in base of neck, feet ache and stay cold, cramps and numbness in hands, diabetes, and high blood pressure and cholesterol. (Tr. at 10, 98-105, 112, 116.) The claim was denied initially and on reconsideration. (Tr. at 62-63, 68-70.) On January 4, 2008, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 73.) The hearing was held on September 18, 2008, before the Honorable Mark A. O'Hara. (Tr. at 19-59.) By decision dated December 23, 2008, the ALJ determined that Claimant was not entitled to benefits.

(Tr. at 10-18.) The ALJ's decision became the final decision of the Commissioner on July 9, 2010, when the Appeals Council denied Claimant's request for review. (Tr. at 1-5.) On September 7, 2010, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (Document No. 1.)

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2008). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether

the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2008). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since June 1, 2007, his alleged onset date. (Tr. at 12, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from minor disc bulges in his lumbar spine, obesity, diabetes mellitus, and diabetic neuropathy, which were severe impairments. (Tr. at 12, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 14, Finding No. 4.) The ALJ then found that Claimant had a residual functional capacity for less than a full range of medium work as follows:

> [T]he [C]laimant has the residual functional capacity to perform less than a full range of medium work. Specifically, the [C]laimant can lift and carry 50 pounds occasionally and 25 pounds frequently, can stand/walk for about 6 hours in an 8-hour workday, can sit for about 6 hours in an 8-hour workday, and can push and pull up to 50 pounds occasionally and 25 pounds frequently with his upper and lower extremities. He is also able to perform frequent climbing of stairs/ramps, balancing, stooping, kneeling, and crouching, as well as occasional crawling and climbing of ladders/ropes/scaffolds. However, he must avoid concentrated exposure to workplace hazards (such as moving machine parts or unprotected heights), extreme cold, and vibration.

(Tr. at 14-15, Finding No. 5.) At step four, the ALJ found that Claimant could not return to his past relevant work. (Tr. at 17, Finding No. 6.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ concluded that Claimant could perform jobs such as a

cashier, laundry worker, and truck driver, at the medium level of exertion, and as a handpacker and production inspector, at the light level of exertion. (Tr. at 17-18, Finding No. 10.) On this basis, benefits were denied. (Tr. at 18, Finding No. 11.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on February 24, 1953, and was 55 years old at the time of the administrative hearing, September 18, 2008. (Tr. at 17, 26, 98.) Claimant had a high school education and was able to communicate in English. (Tr. at 17, 27, 115, 120-21.) In the past, he worked as a heavy equipment operator, dump truck driver, and construction laborer. (Tr. at 17, 50-

51, 116-18)

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant first alleges that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in failing to find that Claimant had a marginal education. (Document no. 9 at 3-4.) Claimant asserts that at the administrative hearing Claimant's then attorney placed on the record Claimant's limitations in reading. (<u>Id.</u> at 3.) Following the ALJ's decision, Claimant's counsel referred him to Ms. Ball for a psychological evaluation, which revealed that Claimant had a marginal education and borderline intellectual functioning. (<u>Id.</u> at 4.) Consequently, Claimant contends that this matter must be remanded for further consideration of Claimant's educational level. (<u>Id.</u>)

In response, the Commissioner asserts that Claimant failed to demonstrate that Ms. Ball's evaluation was new and material evidence, and therefore, remand is not required. (Document No. 11 at 10-13.) The Commissioner asserts that the evidence is not new "because it provides no new insight into [Claimant's] work abilities." (<u>Id.</u> at 11.) Though Claimant alleged limited skills at the hearing, he acknowledged that he completed high school, did not take special education classes, and was proficient enough to pass his CDL examination. (<u>Id.</u>) He asserts that Ms. Bell's assessment failed to add further insight into Claimant's limitations and assessed a GAF of 75, which reflected only slight limitations. (<u>Id.</u>) The Commissioner asserts that Claimant's alleged reading problem apparently was a lifelong problem, and therefore, there was no reason why Claimant's could not have obtained the psychiatric evaluation prior to the ALJ's decision. (<u>Id.</u> at 12.)

The Commissioner further asserts that Claimant failed to prove that Ms. Ball's assessment was material because it would not have changed the ALJ's decision even if it had been before the

ALJ. (Id. at 12-13.) The Commissioner asserts that the ALJ's decision was consistent with Ms.

Ball's assessment. (Id. at 12.) He notes that Ms. Ball assessed a GAF of 75 and did not suggest that

Claimant was disabled. (Id.) Similarly, the ALJ found that Claimant had no more than a slight

impairment in social, occupation, and school functioning and that he was not disabled. (Id.) The

Commissioner therefore contends that Ms. Ball's assessment neither was new nor material. (Id. at

13.)

Claimant also alleges that the ALJ's decision is not supported by substantial evidence

because he could not perform the jobs of a cashier, laundry worker, and trucker driver, as identified

by the VE. (Document No. 9 at 4-5.) In response, the Commissioner asserts that Claimant's

argument is without any credible support and that the ALJ's reliance on the VE's testimony was

supported by substantial evidence. (Document No. 11 at 13-16.)

The Medical Record

The Court has reviewed all the evidence of record, including the medical evidence, and will

discuss it below in relation to Claimant's arguments.

Analysis.

1. Educational Level.

Claimant first alleges that the ALJ erred in failing to consider Claimant's reading

deficiencies and that the Appeals Council erred in failing to give appropriate weight to Ms. Ball's

assessment. (Document No. 9 at 3-4.) Claimant asserts that he had a marginal education and that

remand is required to consider his educational level in light of Ms. Ball's assessment. (Id.) The

Regulations state that an individual's education level will generally be classified as his years of

formal schooling, unless there is contradictory evidence. See 20 C.F.R. §§ 404.1564(b), 416.963(b)

(2008). Limited education is defined under the Regulations as "ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs." 20 C.F.R. § 416.965(b)(3) (2008). A seventh grade through eleventh grade education of formal education is generally considered a limited education. Id. Conversely, a marginal education is defined as "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs." 20 C.F.R. § 416.965(b)(2) (2008). Formal schooling at a sixth grade level or less is generally considered a marginal education. Id.

Claimant testified and the documentary evidence in support demonstrates that Claimant had a high school education, having completed the twelfth grade. (Tr. at 120.) He testified that he had a twelfth grade education and did not take any special education classes when in high school. (Tr. at 27.) He testified that he could read and write, though not very well. (Tr. at 38.) Claimant stated that he could read a simple note left by his wife stating that she would be back at a certain time. (Id.) He also testified that he could do simple math, obtained a driver's license, and drove three miles to church and to visit his father. (Id.) He obtained his CDL by written exam on his first attempt. (Tr. at 46-47.)

On January 13, 2009, Claimant underwent a psychological evaluation by Katherine Ball, M.S., a licensed psychologist, on the referral of his attorney. (Tr. at 315-19.) Claimant reported difficulty with reading, spelling, and arithmetic, though he received no special education and graduated high school. (Tr. at 315.) He reported that he repeated English, Spelling, and Science classes and that he made D's and F's in school. (Tr. at 316.) He believed that he had learning disabilities in reading and spelling, and thought that other family members had similar problems.

(Id.) The results of IQ testing revealed a verbal IQ of 80, a performance IQ of 89, and a full scale

IQ of 83. (Tr. at 317.) Ms. Ball opined that the scores were valid. (Id.) The WRAT-4 revealed that

Claimant's word reading skills were at a 3.1 grade level, his sentence comprehension skills were at

a 5.5 grade level, his spelling skills were at a 4.4 grade level, and his math computation skills were

at a 4.6 grade level. (Id.) Ms. Ball also opined that these scores were valid. (Id.) She diagnosed

reading disorder and disorder of written expression, but assigned a GAF of 75. (Tr. at 318.) Ms. Ball

reasoned that Claimant "graduated high school but questions how. He reports that he has never been

able to read or spell well. His achievement scores in reading and spelling are significantly below

expected given his IQ in the low average range." (Id.)

Pursuant to 28 U.S.C. § 405(g), remand is warranted "upon a showing that there is new

evidence which is material and that there is good cause for the failure to incorporate such evidence

into the record in a prior proceeding[.]"[1] The Fourth Circuit has stated that "[e]vidence is material

if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins

v. Secretary, Dep't of Health & Human Serv., 953 F.2d 93, 96 (4th Cir. 1991)(*en banc*). The new

evidence must "relate to the period on or before the date of the administrative law judge hearing

---

[1] Sentence six of 42 U.S.C. § 405(g) provides:

The court may, on motion of the Commissioner of Social Security made for good cause shown
before the Commissioner files the Commissioner's answer, remand the case to the Commissioner
of Social Security for further action by the Commissioner of Social Security, and it may at any time
order additional evidence to be taken before the Commissioner of Social Security, but only upon a
showing that there is new evidence which is material and that there is good cause for the failure to
incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social
Security shall, after the case is remanded, and after hearing such additional evidence if so ordered,
modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and
shall file with the court any such additional and modified findings of fact and decision, and, in any
case in which the Commissioner has not made a decision fully favorable to the individual, a
transcript of the additional record and testimony upon which the Commissioner's action in modifying
or affirming was based.

decision." 20 C.F.R. § 404.970(b). This does not mean that the evidence had to have existed during

that period. Rather, evidence must be considered if it has any bearing upon whether the Claimant

was disabled during the relevant period of time. See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th

Cir. 1987); Cox v. Heckler, 770 F.2d 411, 413 (4th Cir. 1985); Leviner v. Richardson, 443 F.2d

1338, 1343 (4th Cir. 1971).

The Court is persuaded by the Commissioner's argument and finds that Ms. Ball's

assessment is neither new nor material, and that Claimant has failed to demonstrate good cause for

not obtaining the assessment prior to the ALJ's decision. With the exception of the test results, Ms.

Ball's assessment does not add anything to the record. The record already disclosed that Claimant

had a high school education, that he did not take special education classes, that he was able to pass

his CDL examination, and that he alleged he could not read and write very well. As the

Commissioner points out, Ms. Ball assessed a GAF of 75, which indicated only slight limitations.

Furthermore, Claimant and his attorney were aware of Claimant's alleged reading deficiencies prior

to the administrative hearing. The Court therefore finds no reason why the evaluation could not have

occurred prior to the ALJ's decision.

Furthermore, Ms. Ball's assessment is not material because Claimant fails to demonstrate

how it would have changed the ALJ's decision. The ALJ's decision essentially was consistent with

Ms. Ball's assessment. She neither found that Claimant was unable to work, nor that his reading

level prohibited him from performing the jobs identified by the VE. Ms. Ball assigned only slight

limitations resulting from his mental impairments. Accordingly, the Court finds that Claimant has

failed to demonstrate that he has a marginal education or that remand is required to give further

consideration to Ms. Ball's assessment.

2. VE Testimony.

Claimant also alleges that the ALJ erred in relying on the VE's testimony that Claimant could perform the jobs of a cashier, laundry worker, and truck driver, at the medium level of exertion. (Document No. 9 at 4-5.) First, Claimant asserts that he would have difficulty performing the physical and mental demand required of the job and challenges the VE's testimony that 5,400 cashier positions are available in the regional economy. (Id. at 4.) The Court finds that Claimant has offered no basis to support his allegation that there an insignificant number of cashiers in the regional economy because there are only a few gambling establishments in the region. Claimant offers no data to support his allegation. Though Claimant alleges that he is not physically or mentally able to meet the demands of a "cashier" or "change person" job, he fails to assert how he is physically or mentally unable to perform the job. The Court therefore finds that Claimant has not established that he cannot perform the job of a cashier at the medium level of exertion.

Second, Claimant asserts that he cannot perform the job of a laundry worker because the only two medium exertional level laundry worker jobs require aptitudes higher than the bottom ten percent of the population in which Claimant falls. (Document No. 9 at 5.) As the Commissioner asserts, the job requirements of laundry worker, 361.684-014, as defined in the U.S. Department of Labor, Dictionary of Occupational Titles ("DOT") (4th ed. 1991), fall within the parameters of the ALJ's RFC and the hypothetical question posed to the VE. Even considering Ms. Ball's assessment, Claimant's full scale IQ of 83 would place him above the bottom ten percent of the population.

Finally, Claimant alleges that he cannot perform the work of a truck driver at the medium exertional level because he was unable to sit or stand for six hours in an eight hour workday. (Document No. 9 at 5.) He further asserts that the fact he was able to obtain and renew his CDL

10

license did not demonstrate that he was able to operate the truck. (Id.) The Court finds Claimant's

allegations without merit. Regarding his alleged sit and stand limitations, the ALJ found that

Claimant was not entirely credible and that he could frequently sit and stand for six hours in an eight

hour workday. (Tr. at 14.) As the ALJ noted, there was no credible opinion evidence to the contrary.

Furthermore, the Court finds it incredible that Claimant requests that the Court ignore the fact that

he obtained and renewed his CDL license, which consisted of written and physical exams. This

substantial fact supports the ALJ's decision that he could operate a truck. Consequently, the Court

finds that Claimant's arguments are without merit and that substantial evidence supports the ALJ's

decision that Claimant could perform the medium exertional level jobs of a cashier, laundry worker,

and truck driver.

After a careful consideration of the evidence of record, the Court finds that the

Commissioner's decision is supported by substantial evidence.  Accordingly, by Judgment Order

entered this day, the Plaintiff's Motion for Remand (Document No. 8.) is **DENIED**, Defendant's

Motion for Judgment on the Pleadings (Document No. 11.) is **GRANTED**, the final decision of the

Commissioner is **AFFIRMED**, and this matter is **DISMISSED** from the docket of this Court..

The Clerk of this Court is directed to send a copy of this Memorandum Opinion to counsel

of record.

ENTER: September 30, 2011.

R. Clarke VanDervort
United States Magistrate Judge